UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION OF | § | Case No. 2:06-cv-1039 |
| BETTY LOU WILLIS, AS EXECUTRIX | § | |
| OF THE ESTATE OF HARRY ALFRED | § | Admiralty/Rule 9(h) |
| WILLIS, DECEASED, FOR COURT | § | |
| APPROVAL OF WRONGFUL DEATH AND | § | Judge John T. Copenhaver |
| SURVIVAL CLAIM SETTLEMENT | § | |

**ORDER APPROVING PETITION OF BETTY LOU WILLIS, AS EXECUTRIX
OF THE ESTATE OF HARRY ALFRED WILLIS, DECEASED, FOR COURT
APPROVAL OF WRONGFUL DEATH AND SURVIVAL CLAIM SETTLEMENT
AND DIRECTING DISTRIBUTION OF SETTLEMENT FUNDS**

Petitioner Betty Lou Willis, as Executrix of the Estate of Harry Alfred Willis, deceased, has filed a Petition seeking this Court's approval of the estate's settlement of wrongful death and survival claims arising from the death on February 15, 2006, of Harry Alfred Willis. Petitioner has also sought in this Petition this Court's approval (a) to enter into the settlement agreement, intended to be attached as Exhibit C to the Petition (and for purposes of clarification of the record, this document, entitled Full and Final General Release and Indemnity Agreement, is also attached to this Order as Exhibit C) and (b) for permission to distribute the settlement funds consistent with the terms of the above-described settlement agreement.

The Court has held a hearing on this Petition, it has heard from Petitioner Betty Lou Willis, counsel for Petitioner, and counsel for the party funding the settlement, Charleston Marine, Inc.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1333, in that this is a civil case arising under the Court's admiralty and maritime jurisdiction. *See also*

*Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 116 S.Ct. 619 (1996); *Sisson v. Ruby*, 497 U.S. 358, 110 S.Ct. 2892 (1990); *Foremost Insurance Company v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654 (1982). This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to this suit occurred within this District and Division.

The Court finds that the settlement which Petitioner has entered into is fair and reasonable under the circumstances, that the claims of all potential claimants and beneficiaries under West Virginia Code § 55-7-6, *et seq.*, have been considered and are properly and fairly accounted for in the settlement negotiated by Petitioner and her counsel. This settlement is in the best interests of the Estate and each of its actual or potential beneficiaries.

The Court accordingly finds and ORDERS as follows:

1. The settlement of the wrongful death and survival claims of Betty Lou Willis, as Executrix of the Estate of Harry Alfred Willis, Deceased, as proposed in the Petition and settlement agreement intended to be attached thereto as Exhibit C (and for purposes of clarification of the record, this document, entitled Full and Final General Release and Indemnity Agreement, is also attached to this Order as Exhibit C), is approved.

2. Petitioner is hereby authorized and directed to settle and compromise all claims of the Estate of Harry Alfred Willis in the manner contemplated by the Petition and the settlement agreement intended to be attached as Exhibit C (and for purposes of clarification of the record, this document, entitled Full and Final General Release

and Indemnity Agreement, is also attached to this Order as Exhibit C) to such Petition.

3. Petitioner and her counsel are hereby further authorized and directed (a) to enter into the settlement agreement, intended to be attached as Exhibit C (and for purposes of clarification of the record, this document, entitled Full and Final General Release and Indemnity Agreement, is also attached to this Order as Exhibit C) to the Petition and (b) to distribute the settlement funds consistent with the terms of the above-described settlement agreement.

4. Betty Lou Willis, as Executrix of the Estate of Harry Alfred Willis, Deceased, is hereby authorized and directed to accept the total lump sum of $800,000.00 and from this sum is authorized to pay the sum of $150,000.00 to Thomas W. Pettit as attorney's fees for his representation of the Estate, thereby accepting the net settlement amount, after payment of attorney's fees, of $650,000.00, which sum of $650,000.00 is distributable to Betty Lou Willis, individually.

5. Any and all claims or causes of action against Charleston Marine, Inc., its heirs, successors, assigns, agents, servants, owners, employees, affiliates, subsidiaries, parent and related companies, shareholders, partners, officers, directors, managers, operators, charterers, underwriters, primary, excess and umbrella insurers, including, but not limited to, Fireman's Fund Insurance Company, and any vessels presently or formerly owned or operated by Charleston Marine, Inc., as well as any other person, party or entity, which arise from or relate to, directly or indirectly, the above-described February 15, 2006, death of Harry Alfred Willis and the accident, described above, are hereby settled. No claims or causes of

action of any kind may ever be brought against said persons, parties, and entities by Petitioner, any actual or potential beneficiaries of the Estate of Harry Alfred Willis, or by any other person, party, or entity claiming by, through, under, or with Petitioner or any actual or potential beneficiaries of the Estate of Harry Alfred Willis.

6. Harry Alfred Willis is survived only by the following potential beneficiaries as specified in West Virginia Code § 55-7-6: his surviving spouse (and Petitioner), Betty Lou Willis; his adult daughter Kristina L. Langston; his adult son, Jon Willis; and his adult sister, Mary Ellen Braun.

7. Harry Alfred Willis had no other living spouses, present or former, living parents, children, or siblings, or other persons identified in West Virginia Code § 55-7-6 who were even potentially financially dependent upon him at the time of his death or who would otherwise be equitably entitled to share in any distribution from a proceeding brought under West Virginia Code § 55-7-6.

8. Kristina L. Langston, Jon Willis, and Mary Ellen Braun, each potential beneficiaries of the Estate of Harry Alfred Willis, have executed written consents to the settlement as proposed by Petitioner, and have executed a Waiver and Release of any individual claim to distribution of settlement proceeds in favor of beneficiary Betty Lou Willis. These documents are globally attached as Exhibit B to the Petition, the executed originals of which are hereby filed with the Clerk.

9. Petitioner will bear its own costs of court and attorney's fees.

10. This Court retains continuing jurisdiction over Petitioner, Charleston Marine, Inc., and their counsel for purposes of enforcing the terms of the settlement agreement

intended to be attached to the Petition as Exhibit C (and for purposes of clarification of the record, this document, entitled Full and Final General Release and Indemnity Agreement, is also attached to this Order as Exhibit C).

**SIGNED AND ENTERED this**  21st  **day of December 2006.**

_____
JOHN T. COPENHAVER, JR.
U.S. DISTRICT JUDGE

Form approved and entry requested by:

_____
Thomas W. Pettit
WV State Bar ID #2886
Thomas W. Pettit, L.C.
P.O. Box 189
Barboursville, WV 25504
Phone: (304) 736-8700
Fax: (304) 736-8845
E-Mail: twpettit@myexcel.com

**Counsel for Petitioner Betty Lou Willis,
Individually and as Executrix of the Estate
of Harry Alfred Willis, Deceased**


_____
Frederick B. Goldsmith
WV State Bar ID #7952
Goldsmith & Ogrodowski, LLC
247 Fort Pitt Boulevard, 4th Floor
Pittsburgh, PA 15222
Telephone: (412) 281-4340
Facsimile: (412) 281-4347
E-Mail: fbg@golawllc.com

**Counsel for Charleston Marine, Inc.**

# FULL AND FINAL GENERAL RELEASE AND INDEMNITY AGREEMENT



I. **Definitions.**

The following definitions apply to this Full and Final General Release and Indemnity Agreement.

    A.    RELEASOR: This term means you, Betty Lou Willis, individually and as the legally appointed Executrix of the Estate of Harry Alfred Willis, Deceased, your children, natural born or adopted, your spouse, present or former, your heirs, executors, administrators, legal representatives, successors, assigns, agents, and statutory, common law and general maritime law beneficiaries.

    B.    RELEASEES: This term means Charleston Marine, Inc., its heirs, successors, assigns, agents, servants, owners, employees, affiliates, subsidiaries, parent and related companies, shareholders, partners, officers, directors, managers, operators, charterers, protection and indemnity clubs, underwriters, primary, excess and umbrella insurers, including, but not limited to, Fireman's Fund Insurance Company, and any vessels presently or formerly owned or operated by Charleston Marine, Inc.

    C.    The OCCURRENCE: This term means the accident, and all events which arise from or relate to, directly or indirectly, the accident, on or about February 15, 2006, when Harry Alfred Willis was killed while a passenger aboard aboard a 23 foot Key West Boats, Inc. recreational boat, Model 2300 SS, which was then being operated on the Kanawha River in Kanawha County, West Virginia, by Riley C. Brothers, President, Charleston Marine, Inc. The OCCURRENCE, however, is not intended to be limited to the precise events of this accident itself and thus expressly includes, but is not limited to, any and all injuries, losses, illnesses, and/or damages, which RELEASOR or anyone claiming by, through, under, or with RELEASOR, may have sustained or suffered or may later claim to have sustained or suffered which arise from or relate to, directly or indirectly, the above-described accident.

    D.    AGREEMENT: This term means this document, this Full and Final General Release and Indemnity Agreement.

II. **Introduction.**

By signing this AGREEMENT, you, the RELEASOR, intend to fully and finally give up and put an end to all liens, claims, causes of action, demands and disputes which you brought or raised or which you could have brought or raised and which arise from or relate to, directly or indirectly, the OCCURRENCE.

1

After you, the RELEASOR, sign this AGREEMENT, it is your intent and the intent of the RELEASEES that RELEASOR will have fully and finally given up all claims and causes of action which RELEASOR, or anyone claiming by, through, under, or with, RELEASOR, has, may have, or may claim to have for any damages, injury, losses, illness, death, or otherwise against the RELEASEES that you may ever claim arise from or relate to, directly or indirectly, the OCCURRENCE.

**Receipt and Acknowledgment of Consideration.**

The TOTAL amount of money that RELEASEES are paying to anyone in exchange for RELEASOR'S signing this AGREEMENT is as follows:

The insurer of RELEASEE Charleston Marine, Inc., Fireman's Fund Insurance Company, or its defense counsel from its firm trust account, will provide to RELEASOR'S attorney, Thomas W. Pettit, a check or checks totaling $800,000.00 (eight hundred thousand dollars and no cents). This check or these checks will be made payable to "Betty L. Willis, Executrix of the Estate of Harry Alfred Willis, and her attorney, Thomas W. Pettit."

The RELEASEES will not be paying any of RELEASOR'S court costs, attorney's fees, expenses, or any other sums beyond the amount of money stated above in this section of this AGREEMENT.

RELEASOR agrees that the money stated above will be held in trust by RELEASOR'S attorneys, and may not be negotiated or paid out to anyone until (1) this AGREEMENT is fully completed, signed, notarized, and the original and/or signed copies returned to counsel for the RELEASEES, and (2) the Court has entered its Order approving this AGREEMENT and authorizing RELEASOR to execute it.

**General Release.**

For the amount of money stated in Section III of this AGREEMENT, RELEASOR FULLY AND FINALLY GIVES UP, RELEASES, and FOREVER DISCHARGES, the RELEASEES and EVERYONE ELSE IN THE WORLD from any and all liens, claims, suits, demands, liabilities, judgments, and causes of action of whatsoever kind or nature, whether in law or in equity, which RELEASOR now has or in the future may have, in whole or in part, which arise from or relate to, directly or indirectly, the OCCURRENCE.

This Release includes, but is not limited to, any and all liens and claims for compensation or benefits under any local, state or federal statute, ordinance, or regulation, specifically including but not limited to those for wrongful death and survival claims under West Virginia Code § 55-7-6, *et seq.*, and any and all other claims whether based on tort, contract, equity, the general maritime law, for any and all damages or compensation whatsoever, including actual, punitive, enhanced, and exemplary damages, past and future pain and suffering, past and future mental anguish, past and future physical impairment and disfigurement, past and future medical, psychological, and physical therapy expenses, past and future loss of earnings and earning capacity, past and future loss of support, past and future loss of love, affection, companionship,

society and consortium, past and future loss of enjoyment of life, past and future loss of insurance and/or inheritance, past and future loss of employee benefits, past and future loss of retirement benefits, funeral expenses, and pre- and post-judgment interest.

**Covenant Not to Sue**

RELEASOR understands and agrees that this AGREEMENT is a full and complete release and settlement of all liens, claims, and causes of action which could have been brought in any state or federal court, or in any other fora, arising from or related to, directly or indirectly, the OCCURRENCE. RELEASOR, in her own behalf, and in behalf of the Estate of Harry Alfred Willis, and all potential beneficiaries under said Estate, hereby covenants and agrees that she will never file, pursue, or continue to pursue a lawsuit or claim of any kind, in any forum, against the RELEASEES or ANYONE ELSE IN THE WORLD for anything arising from or relating to, directly or indirectly, the OCCURRENCE, aside from one to enforce the terms of this AGREEMENT.

RELEASOR understands that instead of entering into this AGREEMENT, she could have pursued claims in state or federal court and could have had a judge or jury determine its outcome. RELEASOR understands that in this lawsuit she may have recovered no money, more money than stated in Section III of this AGREEMENT, or less money than stated in Section III of this AGREEMENT.

With the above understood, RELEASOR will have her attorney sign and file, or sign and agree to the filing of, as soon as is practicable, a Petition for court approval of this AGREEMENT and a proposed Order thereon. The effect of these court papers will be to formally ask a Court to put an end to – forever – all claims and causes of action which could ever have been brought against the RELEASEES. The dismissal pleadings described above will also state that each party will bear its own attorney's fees and taxable costs of court and that the Court will retain jurisdiction over RELEASOR, Charleston Marine, Inc., and their respective counsel, for purposes of enforcing the terms of this AGREEMENT. The pleadings described above will be drafted by and in a form approved by counsel for RELEASEES.

**Warranties.**

You, the RELEASOR, represent, warrant, and promise the following things:

I know the nature and extent of my injuries and damages and those of the Estate of Harry Alfred Willis, Deceased, and each of its beneficiaries.

I have been carefully advised by my attorney of all my and the Estate of Harry Alfred Willis' legal rights. My attorney has fully advised me about the effect that this AGREEMENT will have on these rights and I understand and accept the advice that he has provided to me.

I have carefully read this entire AGREEMENT and I understand the meaning of all its terms.

I understand that the amount of money stated in Section III of this AGREEMENT is ALL the

money that I, the Estate of Harry Alfred Willis, and any of its beneficiaries, will EVER be paid by RELEASEES or anyone else in the world for any and all claims and causes of action which arise from or relate to, directly or indirectly, the OCCURRENCE.

I believe that this settlement is fair and reasonable under the circumstances and that the money I as Executrix of the Estate of Harry Alfred Willis am receiving in exchange for signing this AGREEMENT adequately compensates me, the Estate, and all its beneficiaries for releasing all legal rights against the RELEASEES and EVERYONE ELSE IN THE WORLD for the OCCURRENCE.

I have not been promised anything by RELEASEES or their attorneys other than the sum of money stated in Section III of this AGREEMENT.

I am signing this AGREEMENT based on my own judgment and not because of persuasion, duress, influence, or coercion from anyone, and not because I just need the money.

I am legally and mentally competent to sign this AGREEMENT and am not now under the influence of any drugs or alcohol which would hurt my ability to understand this AGREEMENT or what it is that I am giving up by signing this AGREEMENT.

I certify that I am the duly appointed Executrix of the Estate of Harry Alfred Willis, Deceased, and am thus the only owner of the liens, claims, rights, and/or interests which are the subject of this AGREEMENT, and that I have not assigned to any persons or entities, other than my attorney, Thomas W. Pettit, any portion of the claims, rights, and/or interests which arise from or relate to, directly or indirectly, the OCCURRENCE.

I understand that this AGREEMENT shall and may not be considered as an admission of liability by RELEASEES, because the RELEASEES expressly and clearly deny any such liability.

Any and all paid or unpaid hospital, doctor, psychiatric, psychological, physical therapy, EMS, fire, emergency response services, and all other bills and expenses — known or unknown — incurred by Harry Alfred Willis, RELEASOR, or her attorney or agents as a result of the OCCURRENCE will be paid by RELEASOR and RELEASEES will have no liability for such.

Photocopies, fax copies, or electronic/pdf copies of this signed AGREEMENT are just as enforceable as the original.

This AGREEMENT contains the entire settlement agreement between RELEASOR and RELEASEES. This AGREEMENT takes the place of any other agreements, understandings, or statements, whether they were in writing or were just things that people told me. No changes may be made to this AGREEMENT unless they are in writing and signed by all parties to this AGREEMENT.

**Indemnity Agreement.**

RELEASOR AGREES TO FULLY INDEMNIFY, DEFEND, AND HOLD HARMLESS RELEASEES AGAINST ANY LIENS, CLAIMS, SUITS, DEMANDS, LIABILITIES, JUDGMENTS, DECREES, AWARDS, AND CAUSES OF ACTION OF WHATSOEVER KIND OR NATURE, WHICH ARISE FROM OR RELATE TO, DIRECTLY OR INDIRECTLY, THE OCCURRENCE, WHICH MAY BE BROUGHT BY ANY PERSON, PARTY, OR ENTITY.

WITHOUT LIMITATION, THIS INDEMNITY AGREEMENT IS INTENDED TO ENCOMPASS AND INCLUDE CLAIMS OR DEMANDS BROUGHT BY ANY PROVIDER OF MEDICAL, PSYCHIATRIC, PHYSICAL THERAPY, REHABILITATIVE, FIRE, EMS, EMERGENCY, OR OTHER SERVICES, ANY OTHER PERSON, PARTY, OR ENTITY SEEKING TO ENFORCE SUBROGATION, CONTRIBUTION, AND/OR INDEMNITY RIGHTS AGAINST THE RELEASEES, ANY PERSON, PARTY, OR ENTITY CLAIMING BY, THROUGH, UNDER OR WITH RELEASOR, INCLUDING ANY ATTORNEYS, RELEASOR'S CHILDREN AND SPOUSES, IF ANY, PAST, PRESENT AND FUTURE, RELEASOR'S AND HARRY ALFRED WILLIS' ESTATE, ANY PERSON, PARTY, OR ENTITY CLAIMING TO BE ENTITLED TO A DISTRIBUTION FROM HARRY ALFRED WILLIS OR RELEASOR'S ESTATE, AND ANY PERSON, PARTY, OR ENTITY CLAIMING TO BE ENTITLED TO DAMAGES OR BENEFITS AS A RESULT OF ANY INJURY TO DEATH OF HARRY ALFRED WILLIS OR RELEASOR.

THIS INDEMNITY AGREEMENT ALSO INCLUDES THE OBLIGATION OF RELEASOR TO PAY FOR ANY AND ALL EXPENSES, COSTS, DEFENSE COSTS, AND ATTORNEY'S FEES INCURRED BY RELEASEES FOR THE INVESTIGATION AND DEFENSE OF ANY OF THE CLAIMS REFERRED TO IN THIS INDEMNITY AGREEMENT.

THIS INDEMNITY AGREEMENT SHALL APPLY AND BE EFFECTIVE EVEN IF RELEASEES ARE FOUND, ALLEGED, OR CLAIMED TO BE NEGLIGENT, GROSSLY NEGLIGENT, STRICTLY LIABLE, IN BREACH OF ANY WARRANTY, INCLUDING BUT NOT LIMITED TO THE WARRANTY OF SEAWORTHINESS, OR OTHERWISE AT FAULT FOR THE OCCURRENCE, REGARDLESS OF WHETHER ON A SOLE, JOINT, CONCURRENT, OR OTHER BASIS.

**Choice of Law and Forum.**

This AGREEMENT shall only be construed in accordance with and governed by the laws of the State of West Virginia.

Any lawsuit brought in connection with or to enforce this AGREEMENT may only be brought in the United States District Court for the Southern District of West Virginia, Charleston Division, and the parties to this AGREEMENT agree that such court shall retain continuing jurisdiction over this case, the parties, and their counsel for purposes of enforcing and/or resolving any dispute or disagreement arising from or related to, directly or indirectly, this AGREEMENT.

If for any reason the above court cannot or will not maintain jurisdiction over any such suit, then

any such suit may only be brought in the Circuit Court of Kanawha County, West Virginia.

I HAVE CAREFULLY READ ALL OF THIS AGREEMENT. I AGREE TO BE LEGALLY BOUND BY IT. I AM SIGNING MY NAME TO THIS AGREEMENT TO SHOW THE WORLD THAT I MEAN AND AGREE WITH EVERYTHING THAT IS STATED IN THIS AGREEMENT AND THAT I INTEND TO BE LEGALLY BOUND BY THIS AGREEMENT FOREVER.

SIGNED on this _____ day of December 2006.

**THIS IS A FULL AND FINAL GENERAL RELEASE AND INDEMNITY AGREEMENT**

_____
Betty Lou Willis
Individually and as Executrix of the Estate of Harry Alfred Willis, Deceased

STATE OF WEST VIRGINIA      §
§
COUNTY OF CABELL      §

## ACKNOWLEDGMENT

BEFORE ME, the undersigned notary public, today personally appeared Betty Lou Willis, who I know is the person whose name is signed on the foregoing AGREEMENT and who told me that she signed this AGREEMENT for the purposes and amount of money stated in the AGREEMENT. Betty Lou Willis told me that she signed the AGREEMENT voluntarily and not because of persuasion, duress, coercion, or influence of anyone, and that she understands the effect of the AGREEMENT, and does not want to take back her signature.

SUBSCRIBED AND SWORN to before me this _____ day of December 2006.

_____
Notary Public in and for the
State of West Virginia

My commission expires: _____

STATE OF WEST VIRGINIA § 
§
COUNTY OF CABELL §

## ATTORNEY'S WARRANTY AND RELEASE

I represent and warrant that my law firm is the only firm which now represents or in the past has represented Betty Lou Willis, individually and as Executrix of the Estate of Harry Alfred Willis, Deceased, under a valid and legal power of attorney with regard to her claims described in the foregoing AGREEMENT. I represent and warrant that the foregoing is the true and genuine signature of Betty Lou Willis, who signed the foregoing AGREEMENT after I fully advised her of her and the Estate's legal rights and explained to her the legal effect of the foregoing AGREEMENT. Betty Lou Willis stated to me that she understands this AGREEMENT in its entirety, and comprehends each and every provision contained in the AGREEMENT. To my knowledge, Betty Lou Willis is fully competent to sign this AGREEMENT and is not under the influence of drugs or alcohol. She signed and had notarized this AGREEMENT because she wanted to and she did so after I approved the form and substance of the AGREEMENT.

I, on behalf of Betty Lou Willis, individually and as Executrix of the Estate of Harry Alfred Willis, Deceased, my law firm, and myself individually, RELEASE and FOREVER DISCHARGE RELEASEES from any and all claims that my law firm or I may have by reason of assignment of any causes of action from Betty Lou Willis.

---

Thomas W. Pettit
WV State Bar ID #2886
Thomas W. Pettit, L.C.
P.O. Box 189
Barboursville, WV 25504
Phone: (304) 736-8700
Fax: (304) 736-8845
E-Mail: twpettit@myexcel.com

**Counsel for Betty Lou Willis,
Individually and as Executrix of
the Estate of Harry Alfred Willis, Deceased**

SUBSCRIBED AND SWORN to before me this _____ day of December 2006.

---

Notary Public in and for the
State of West Virginia          My commission expires: _____